IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACOB LEROY ELLIS, | Case No. 6:24-cv-01250-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DOUGLAS COUNTY JAIL and WELLPATH, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Jacob Leroy Ellis ("Plaintiff"), a self-represented litigant, filed this action against the Douglas County Jail (the "County") and Wellpath, alleging constitutional claims under 42 U.S.C. § 1983 ("Section 1983"). Now before the Court is the County's motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 33.) The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. For the reasons discussed below, the Court grants the County's motion to dismiss.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND[1]

Plaintiff's claims relate to several months he spent in pretrial custody in the Douglas County Jail in 2024. (*See* Compl. at 1-6, ECF No. 1; *see also id.* at 6, suggesting that Plaintiff was in pretrial custody awaiting appointment of counsel during the relevant time period.)

In his first claim, Plaintiff alleges that he was in custody for three months, developed tooth infections that spread to his jaw despite taking antibiotics, requested a dental visit several times but never saw a dentist, and as a result lost teeth and suffered long-term and extreme pain and suffering. (Compl. at 3.)

In his second claim, Plaintiff alleges that he entered custody with a Suboxone prescription to treat his addiction but a jail lieutenant forced "all Suboxone patients to have their Suboxone put in water and swallowed" as a result of one individual's misconduct. (Compl. at 4, further alleging that "[d]irections on the box say do not swallow"). Plaintiff alleges that the County improperly medicated him and violated the Health Insurance Portability and Accountability Act ("HIPAA"). (*Id.*)

In his third claim, Plaintiff alleges that the County provided him with only twenty minutes of outside recreation every two weeks and the lack of fresh air was "psychological torture." (*Id.*)

## DISCUSSION

### I.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] "Except where otherwise stated, these facts are taken from [the plaintiff]'s complaint and are accepted as true." *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 n.1 (9th Cir. 2024) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992)).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021) (citation omitted), and "[self-represented] litigants should be treated with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). There are, however, limits on the leeway that courts afford to self-represented litigants. For example, although courts "construe pro se pleadings liberally, . . . [courts] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## II.     PLAINTIFF'S CLAIMS

Plaintiff alleges that the County violated his constitutional rights by denying him adequate medical care for his tooth infections, forcing him to swallow Suboxone contrary to the manufacturer's instructions, and denying him adequate outside recreation. (Compl. at 3-7.) The County moves to dismiss Plaintiff's claims, arguing that he has failed to state a claim.

///

///

///

PAGE 3 – OPINION AND ORDER

A.  **Applicable Law**

1.  **Fourteenth Amendment Claims**

The Ninth Circuit has explained that a pretrial detainee's conditions of confinement claims fall under the Fourteenth Amendment (i.e., not the Eighth Amendment), and plaintiffs must plead four elements to state a claim:

[(1)] the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

[(2)] those conditions put the plaintiff at substantial risk of suffering serious harm;

[(3)] the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

[(4)] by not taking such measures, the defendant caused the plaintiff's injuries.

*Russell v. Lumitap*, 31 F.4th 729, 738 (9th Cir. 2022) (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2017)); *see also Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021) ("Precedent teaches that the Fourteenth Amendment is more protective than the Eighth Amendment because the Fourteenth Amendment prohibits all punishment of pretrial detainees.") (simplified and citation omitted).

Under this "objective deliberate indifference standard," *Gordon*, 888 F.3d at 1125, "a defendant can be liable even if he did not actually draw the inference that the plaintiff was at a substantial risk of suffering serious harm, so long as a reasonable official in his circumstances would have drawn that inference." *Russell*, 31 F.4th at 739; *see also Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1159 (9th Cir. 2021) ("The deliberate indifference inquiry in [the pretrial detainee] context is set out in the third prong[.]" (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)); *Gordon*, 888 F.3d at 1125 (noting that the "test"

under the "third element" is whether the official's conduct was "objectively unreasonable" (quoting *Castro*, 833 F.3d at 1071)).

In other words, to satisfy "this objective [deliberate indifference] standard, a plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Russell*, 31 F.4th at 739 (quoting *Gordon*, 888 F.3d at 1125). A plaintiff must also prove something more than medical malpractice or a difference of opinion concerning the course of treatment. *See Saddozai v. Bolanos*, No. 20-16862, 2022 WL 501124, at *1 (9th Cir. Feb. 18, 2022) (addressing a pretrial detainee's inadequate medical care claim and noting that "medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference" (citing *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004))).

### 2. *Monell* Claims

To prevail on a Section 1983 claim against a municipality such as the County, a plaintiff must demonstrate that a municipal custom or policy caused the violation of a constitutional right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under [Section] 1983 . . . where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). "[M]unicipalities may be liable under [Section] 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).

To state a *Monell* claim, a plaintiff must plead that: "(1) they were deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiffs' constitutional rights; and (4) the

PAGE 5 – OPINION AND ORDER

policy, custom, or practice was the 'moving force' behind the constitutional violation." *Cantu v. City of Portland*, No. 3:19-cv-01606-SB, 2020 WL 2952972, at *3 (D. Or. June 3, 2020) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). If no constitutional violation occurred, a municipal liability claim necessarily fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that a *Monell* claim cannot survive without an underlying constitutional violation).

    **B.    Analysis**

The Court agrees that Plaintiff has failed to state a Fourteenth Amendment claim against the County based on its alleged failure to treat his tooth infections because Plaintiff has not alleged any municipal policy, custom, or practice that caused the alleged violation of his constitutional rights. *See Fernald v. Deschutes County*, No. 6:24-cv-02155-AA, 2025 WL 1770793, at *4 (D. Or. June 26, 2025) ("Plaintiff has failed to allege which defendant failed to treat him or diagnose him for injuries following his detainment. The Court finds that there are no doctors or medical staff named in this lawsuit. Plaintiff has also not alleged facts sufficient to show that any supervisor ratified or approved of a policy violative of [the] plaintiff's rights. Finally, plaintiff has not pled facts from which the Court can draw an inference of municipal liability on the part of Deschutes County. Plaintiff's claim for 'failure to treat or diagnose' . . . under [Section] 1983 is dismissed with leave to amend."). The Court therefore dismisses Plaintiff's inadequate medical treatment claim relating to his tooth infections with leave to

amend.[2] *See Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (finding that "[a] pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect'" (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995))).

The Court also finds that Plaintiff has failed to state a Fourteenth Amendment claim against the County based on its administration of Suboxone. Plaintiff has plausibly alleged that the County had a policy, custom, or practice of administering Suboxone improperly because he alleges that the County administered the medication improperly to all Suboxone patients during his time in custody. (Compl. at 4.) However, Plaintiff has failed to include sufficient factual allegations in his complaint to satisfy the objective deliberate indifference standard. *See Russell*, 31 F.4th at 739 (holding that to satisfy "th[e] objective [deliberate indifference] standard, a plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard'" (quoting *Gordon*, 888 F.3d at 1125)). Specifically, Plaintiff does not allege sufficient factual allegations to establish that the County's administration of Suboxone put him "at substantial risk of suffering serious harm"; that the County "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious" or that "by not taking such measures, the defendant caused the plaintiff's injuries." *Russell*, 31 F.4th at 739 (quoting *Gordon*, 888 F.3d at 1125).

///

---

[2] Plaintiff does not allege how the County violated his rights under HIPAA, but in any event, the Ninth Circuit has clearly held that HIPAA does not provide a private right of action. *See Harris v. Am. Behav. Health Sys., Inpatient Facility*, No. 24-347, 2025 WL 2977822, at *1 (9th Cir. Oct. 22, 2025) (affirming the district court's dismissal of the plaintiff's HIPAA claim on the ground that HIPAA "does not provide a private right of action" (citing *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007))).

PAGE 7 – OPINION AND ORDER

Plaintiff did allege additional facts in support of his Suboxone claim in his response to the County's motion to dismiss, including that a jail sergeant ordered the nurse to administer Suboxone improperly against the nurse's medical advice and over the nurse's objection, and as a result of the County's improper administration of Suboxone, Plaintiff suffered from physical withdrawal symptoms. (*See* Pl.'s Resp. Def.'s Mot. Dismiss at 2, ECF No. 48.) However, the Court may not evaluate whether those facts are sufficient to state a claim unless Plaintiff elects to include them in his amended complaint. See *Flores v. Or. Dep't of Corr.*, No. 2:22-cv-01399-SB, 2023 WL 7280420, at *6 n.4 (D. Or. Nov. 3, 2023) ("To the extent [the plaintiff] clarifies the basis of his [claim] in response to Defendants' motion . . . that information is not part of the current pleading relevant to Defendants' motion to dismiss, and the Court will only consider it should [the plaintiff] elect to include it in an amended complaint.") (citation omitted). Accordingly, the Court grants the County's motion to dismiss Plaintiff's Suboxone claim with leave to amend.

Finally, the Court finds that Plaintiff has failed to state a Fourteenth Amendment claim against the County based on its alleged failure to provide sufficient outdoor exercise. The Ninth Circuit has "never held that all deprivations of outdoor exercise are per se unconstitutional." *Norbert*, 10 F.4th at 929 (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)). "Whether under the Eighth or Fourteenth Amendments, [the Ninth Circuit has] not imposed a rigid requirement of outdoor exercise regardless of the other opportunities for physical exercise that a correctional institution affords." *Id.* "Instead, [as the Ninth Circuit has] explained, 'the Constitution requires jail officials to provide outdoor recreation opportunities, *or otherwise meaningful recreation*, to prison inmates.'" *Id.* (emphasis added) (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018)). "Thus, to vindicate a constitutional right to exercise, outdoor

PAGE 8 – OPINION AND ORDER

exercise can indeed be required, when 'otherwise meaningful recreation' is not available." *Id.*; *see also Norbert*, 10 F.4th at 934 (holding that the "plaintiffs have not identified authority that establishes a constitutional right to a particular quantum or quality of direct sunlight 'not filtered through a window'").

In light of this controlling authority, the Court finds that Plaintiff has failed to state a claim for deprivation of sufficient outdoor exercise because he has not included any factual allegations in his complaint regarding whether indoor recreational activities were unavailable to him. *See Thompson v. Lopez*, No. 1:24-cv-00252 KES EPG, 2025 WL 249171, at *4 (E.D. Cal. Jan. 21, 2025) ("Without more factual allegations regarding other recreational opportunities or the lack thereof, [the] plaintiff fails to state a cognizable claim for lack of sufficient outdoor exercise time.").

For all of these reasons, the Court grants the County's motion to dismiss, and dismisses Plaintiff's claims with leave to amend.

## CONCLUSION

For the reasons stated, the Court GRANTS the County's motion to dismiss (ECF No. 33). If Plaintiff is able to cure the pleading deficiencies identified herein, he may file an amended complaint by March 5, 2026. Failure to file an amended complaint will result in dismissal of this case.

**IT IS SO ORDERED.**

DATED this 12th day of February, 2026.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER